UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MONTAJ, INC.,

                    Plaintiff,                    **MEMORANDUM & ORDER**
                                                  26-MC-1341 (EK)
          -against-

UNITED STATES DEPARTMENT OF JUSTICE,

                    Defendant.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

          Plaintiff Montaj, Inc. moves for the return of thousands of units of over-the-counter pharmaceutical products seized by law enforcement upon execution of a search warrant on April 22, 2025.  *See* ECF No. 1.  The government opposes the motion, asserting that the seized property is needed as evidence in an ongoing criminal investigation.  *See* Gov't Opp'n 5, ECF No. 6.[1]  For the following reasons, Montaj's motion is denied.

          "[D]uring the pendency of an ongoing criminal investigation or proceeding, the defendant bears the burden of demonstrating that the government's retention of the seized property is unreasonable."  *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 396 (2d Cir. 2023).  And where, as here, "the United States has a need for the property in an investigation or prosecution, its retention of the property generally is

---

[1] The government's motion to file the unredacted version of its opposition brief under seal, *see* ECF No. 5, is granted.

reasonable." *See* Fed. R. Crim. P. 41, advisory committee notes; *see also Lovelace v. United States*, No. 00-CV-1274, 2001 WL 984686, at *4 (S.D.N.Y. Aug. 27, 2001) ("The Government's retention of items with possible evidentiary value has been held to constitute such a need.") (collecting cases).

Plaintiff cites *Allen v. Grist Mill Cap. LLC* for the proposition that "indefinite retention without formal forfeiture proceedings constitutes an improper *de facto* forfeiture." *See* Mot. 8, ECF No. 1-4. But *Allen* explicitly stated that that concern is not implicated when seized property is being held pending resolution of a collateral challenge to a criminal conviction. *Allen*, 88 F.4th at 400. Likewise, in this case, the government is holding Montaj's property pending resolution of an active criminal investigation. Moreover, Montaj acknowledges that the government has released "certain seized medications" when Montaj has been able to establish their (lawful) provenance. Mot. 3.

Plaintiff also cites *United States v. Pirre*, 927 F.2d 694 (2d Cir. 1991), for the proposition that the government does not need to retain all the seized medications because it could use sampling methods to preserve its evidentiary interests. Mot. 10. But all *Pirre* says is that the government *can* use sampling methods to prove the amount of cocaine an individual trafficked by a preponderance *at sentencing*. 927 F.2d at 696.

Furthermore, Montaj has not even established its entitlement to lawful possession of the seized property — one element that district courts have often said a plaintiff must demonstrate on a Rule 41(g) motion. *See, e.g.*, *In re Application of Madison*, 687 F. Supp. 2d 103, 109 (E.D.N.Y. 2009); *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005). Montaj argues that it was "a good faith purchaser for value." *See* Mot. 6. But this conclusory assertion is unsupported. Montaj attaches photos of hundreds of receipts to its motion, ECF Nos. 1-6 to 1-9; however, those unexplained photos do not allow the Court to conclude that it was a purchaser for value — let alone a good faith purchaser.

Montaj's motion is denied, and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    May 14, 2026
          Brooklyn, New York

3